19627—Home Bank & Trust Co. v. Village of Perrysburg. Motion for Wood Appeals to certify. Overruled. Dock. 2-16-26; 4 Abs. 128.

19628—Carmino Cesa v. John Cain. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 2-16-26; 4 Abs. 128; OS. Pend. 4 Abs. 213.

19636—State of Ohio v. Percy Parrott. Motion for leave to file petition in error to the court of Appeals of Lucas county. Overruled. Dock. 2-28-26; 4 Abs. 142; OA. 4 Abs. 172.

19643—Ex Parte Albert Carelli. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 2-25-26; 4 Abs. 160.

19643—In re Albert Carelli. Motion to dismiss on ground no constitutional question involved. Motion sustained. Dock. 2-26-25; 4 Abs. 160.

19643—Ex Parte Albert Carelli. Motion for an order suspending judgment of Court of Appeals. Overruled. Dock. 2-26-25; 4 Abs. 160.

19652—State of Ohio v. Solomon Peskind et al. Motion for leave to file petition in error to the Court of Appeals of Cuyahoga county. Overruled. Dock. 3-2-26; 4 Abs. 160.

# Abstracts of Last Week's SUPREME COURT OPINIONS

A copy of the Supreme Court opinions, or any part thereof in the following cases of which the syllabi appear below, will be promptly furnished to Abstract subscribers at cost of preparing.

## SYLLABI
### No. 291

No. 19219—H. W. Butler et al. v. The City of Findlay et al.

801. MUNICIPAL LAW—Provisions of 6951-1 GC. "Municipality shall, pay its estimated portion of the cost of such improvement - - - - in the agreement between council and county commissioners" has no application to the prosection of an improvement under 6950 and 6951 GC.

ROBINSON, J.

The provision of Section 6951-1 General Code, "the municipality shall pay to the county treasurer its estimated portion of the cost and expense of such an improvement to be borne by the municipality as a whole as fixed in the agreement between the council and the county commissioners," has no application to the prosecution of an improvement under Sections 6950 and 6951, General Code.

Judgment affirmed.

Marshall, CJ., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.

### No. 292

No. 19472—State of Ohio v. Lynn C. Boyatt. Exceptions by the Prosecuting Attorney to decision of the Court of Common Pleas of Lucas County.

333. CRIMINAL LAW—Under the Code the State cannot be required to file a bill of particulars in criminal cases.

ALLEN, J.

Under the General Code of the State cannot be required to file a bill of particulars in criminal cases.

Exceptions sustained.

Marshall, CJ., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.

### No. 293

No. 19578—The Board of Education of the Ashville Village School District, Pickaway County, Ohio v. Bryce Briggs, as County Auditor, etc.

No. 19579—The Board of Education of the Harrison Township Rural School District, Pickaway County, Ohio v. Bryce Briggs, as County Auditor, etc. In mandamus.

1204. STATUTES—1. Sec. 5649-9c. GC. as to issuance of bonds is mandatory and must be substantially complied with.

2. In submitting question of issuance under 5649-9a GC., the ballot must be construed so as to conform to 5649-9c. GC.

MATTHIAS, J.

1. The provisions of Section 5649-9c, General Code, enacted for the benefit and protection of the taxpayer, are mandatory and must be substantially complied with.

2. In the submission of the question of the issuance of bonds of a political subdivision, pursuant to the provisions of Section 5649-9a, General Code, a form of ballot which recites only the amount and purpose of the proposed issue and does not disclose the estimated tax levy outside of all existing limitations and the maximum period of years required to pay the principal and interest of such bonds, is not a substantial compliance with Section 5649-9c, General Code.

Writ denied.

Marshall, CJ., Jones, Day, Allen, Kinkade, and Robinson, JJ., concur.

### No. 294

No. 19253—The St. Marys Gas Co. v. L. C. Brodbeck, Admr. Error to the Court of Appeals of Auglaize county.

829. NEGLIGENCE—It is never presumed from accident and injury in the absence of res ipsa loquitur.

480. EVIDENCE—Allegations of want of due care, in action for negligence, should be submitted to the jury under proper instructions.

465. ERROR—It is not error for trial judge to direct verdict for defendant when a gas explosion occurs on owners premises thereby injuring him, when defendant Gas Company had no notice of defect in equipment, or when the explosion was not with certainty ascertained as arising from natural gas, sewer gas, or gasoline fumes.

677. JUDGMENT AND DECREE—Judgment cannot be supported by an inference upon an inference.

949. PRESUMPTIONS—There can be no presumptions of negligence from injuries due to defective appliances unless such appliances are under the management or control of defendant or its authorized agents.

MARSHALL, C. J.

1. Where the doctrine of res ipsa loquitur is not involved, negligence is never presumed from the mere fact of an accident and resulting injury, but specific acts or omissions indicating failure on the part of the defendant to exercise due care must be alleged as the direct and proximate cause of the injury and the burden is upon the plaintiff to prove the same.

2. Any evidence tending to establish allegations of want of due care or from which any reasonable inference of such want of due care may be drawn should be submitted to the jury under proper instructions.